UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Peggy A. Maloney
6519 W Newberry Road #602
Gainesville, FL 32605
Plaintiff, Pro Se

v.

Executive Office of the President,
Office of Administration
250 Murray Lane, SW, Bldg. 410
Washington, DC 20509

Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419

Office of Personnel Management
1900 E Street, NW
Washington, DC 20415

Defendants.

Case No.: [To be assigned __1:25 CV 467__]

CIVIL COMPLAINT FOR JUDICIAL REVIEW OF MERIT SYSTEMS PROTECTION BOARD FINAL ORDER

## INTRODUCTION

1. This is a case of systemic discrimination and whistleblower retaliation, where I, Peggy Anne Maloney, a dedicated federal employee, was punished—not praised—for exposing over $10 million in financial mismanagement at the Executive Office of the President, Office of Administration (EOP/OA). I seek judicial review of the Merit Systems Protection Board (MSPB) Final Order of February 20, 2025 (Exhibit D, attached), which arbitrarily dismissed my appeal

1

(Docket DC-531D-23-0410-I-1) challenging EOP/OA's unlawful denial of my within-grade increases (WIGIs) from 2016 to 2019.

2. What began as a mission to uphold integrity morphed into a nightmare of discrimination based on sex (female), age (born January 11, 1954, age 71), and disability (PTSD, Graves' Disease), plus retaliation under 5 U.S.C. § 2302(b)(8) for my protected disclosures, all worsened by MSPB's egregious procedural failures that stripped me of justice and shattered my faith in the very system I dedicated my career to upholding.

## JURISDICTION AND VENUE

3. This Court holds jurisdiction under 5 U.S.C. § 7703(b)(2) for mixed cases involving discrimination, and 28 U.S.C. § 1331 for federal questions under the Whistleblower Protection Act (5 U.S.C. § 2302), Title VII (42 U.S.C. § 2000e), the Rehabilitation Act (29 U.S.C. § 794), and the Fifth Amendment, per Perry v. MSPB, 582 U.S. 420 (2017), and Kloeckner v. Solis, 568 U.S. 41 (2012).

4. Venue lies here under 28 U.S.C. § 1391(e) as I resided in Alexandria, Virginia, within this district, during the events giving rise to this action (2016–2019), and EOP/OA operates in this region. Additionally, the MSPB's Final Order of February 20, 2025, has caused ongoing harm to me while residing in Gainesville, Florida, further supporting judicial review in this Court.

## PARTIES

5. I, Peggy A. Maloney, served EOP/OA as a GS-11 Financial Operations Analyst from July 2012 until my unlawful removal on October 4, 2019, while residing at 8504 Skyview Drive #104, Alexandria, VA 22309. I currently reside at [insert Gainesville, FL address], where I was living when the MSPB issued its Final Order on February 20, 2025.

6. Defendant EOP/OA, at 250 Murray Lane, SW, Bldg. 410, Washington, DC 20509, unlawfully denied my WIGIs, suspended me, and removed me in retaliation for my whistleblowing.

7. Defendant MSPB, at 1615 M Street, NW, Washington, DC 20419, issued the flawed Final Order, denying me due process.

8. Defendant OPM, at 1900 E Street, NW, Washington, DC 20415, maintained my employment records and failed to enforce MSPB orders to restore my WIGI eligibility, prolonging my harm (9Doc. No. 2023020685, p. 4, Exhibit OPM attached).

## FACTUAL BACKGROUND

9. My tenure at EOP/OA began in July 2012 as a Secretary, advancing to GS-11 Financial Operations Analyst by matching the duties of my younger female GS-14 predecessor (estimated age 40–50, 2015–2017) and male GS-14 boss. Yet, from 2016 to 2019, EOP/OA unlawfully denied my WIGIs (1Doc. No. 2023024472, pp. 2–4, Exhibit M).

10. In 2014, I uncovered over $10 million in financial mismanagement—e.g., CFC violations, FMS Leasing irregularities—missed by my GS-14 peers. From 2015 to 2019, I reported these to supervisors and OSC, acts shielded by 5 U.S.C. § 2302(b)(8) (Exhibit M, p. 1; 1Doc. No. 2023024472, pp. 2–4).

11. EOP/OA's retaliation struck swiftly: weeks after my June 2016 OSC report, they denied my July 2016 WIGI; suspended me for 13 days in July 2017 and 14 days in April 2019; and removed me on October 4, 2019, under the pretext of "unprofessional conduct" linked to my disclosures (Exhibit J, p. 1; Exhibit M, p. 2; Exhibit Q, p. 1; Exhibit H, p. 1; 5Doc. No. 2023015504, pp. 13–24). In 2017, they rejected my written request for flexible deadlines to manage PTSD and Graves' Disease, diagnosed amid this ordeal, triggering a severe health decline—debilitating panic attacks, irreversible eye damage hindering my work, and excruciating knee pain (Exhibit O, p. 1; Exhibit P, p. 1; Exhibit S, p. 1; 10Doc. No. 2023028812, p. 2).

12. This pattern screams discrimination: EOP/OA preserved my younger GS-14 predecessor's and male boss's status despite their failures, while targeting me—age 62–65, female, disabled—for exposing their oversights, a clear violation of equal protection principles (Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009)) (3Doc. No. 2023026482, pp. 4–5, Exhibit attached).

## MSPB PROCEEDINGS

13. Seeking justice, I appealed to MSPB on April 12, 2023 (Docket DC-531D-23-0410-I-1), alleging discrimination and retaliation behind my WIGI denials (Exhibit I, p. 1), building on prior WIGI disputes dismissed with similar procedural flaws (Exhibit G, p. 1). The Initial Decision of August 4, 2023 (Exhibit C, p. 1), dismissed my claims as untimely and non-jurisdictional, overlooking my filing within 30 days of notice and health delays from PTSD and Graves' Disease (Exhibit C, pp. 6–8; Exhibit E, p. 1).

14. Undeterred, I filed a Petition for Review (Exhibit I, p. 1), submitting WIGI denial letters (3Doc. No. 2023026482, pp. 4–5, Exhibit attached), OSC complaints (1Doc. No. 2023024472,

3

pp. 2–4, Exhibit M), and medical evidence (Exhibit O, p. 1; Exhibit P, p. 1; Exhibit S, p. 1). Yet, the Final Order of February 20, 2025 (Exhibit D, p. 1), affirmed the dismissal, rejecting my whistleblower evidence as irrelevant despite its direct relevance under 5 C.F.R. § 1201.115(d) for new and material evidence. This decision continues to cause me harm, including severe emotional distress and health deterioration, while residing in Gainesville, Florida.

15. MSPB's adjudication was a travesty of justice: [1] a. The Initial Decision omitted its Certificate of Service, violating 5 C.F.R. § 1201.26(b)(2), leaving me without notice and crippling my ability to respond timely (Exhibit E, p. 1); b. The Final Order's Certificate was not attached, listing Raheemah Abdulaleem, who departed EOP/OA on January 17, 2025, and Tanesha Petty, unregistered as an MSPB e-filer, undermining service and my right to fair notice (Exhibit K, p. 1; Exhibit F, p. 1); c. During an April 10–11, 2024, hearing, MSPB engaged in ex parte communications with EOP/OA counsel, which I flagged on the record, but they dismissed it without investigation, prejudicing my rebuttal rights (Exhibit L, p. 1; Exhibit R, p. 1); d. AJ Herner, reassigned to my case, displayed a shocking level of bias—refusing recusal three times despite my objections—breaching 5 C.F.R. § 1201.42(c) and tainting impartiality (Exhibit I, p. 2). These egregious errors, individually and cumulatively, amounted to a blatant denial of my statutory right to a fair hearing under 5 U.S.C. § 7701(a), as affirmed in Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985), leaving me stripped of any semblance of justice.

[1] Additional MSPB filings (e.g., Docs. No. 2023020685, 2023029542) detail further errors; hyperlinks to these can be provided if requested.

## CLAIMS FOR RELIEF

16. Count 1: Discrimination EOP/OA violated Title VII (42 U.S.C. § 2000e) and the Rehabilitation Act (29 U.S.C. § 794) by denying my 2016–2019 WIGIs based on sex, age, and disability. Unlike my younger GS-14 peers, I faced pretextual denials, and EOP/OA spurned my 2017 accommodation requests for PTSD and Graves' Disease, worsening my condition in violation of Lane v. Pena, 518 U.S. 187 (1996) (Exhibit O, p. 1; Exhibit P, p. 1; Exhibit S, p. 1; 3Doc. No. 2023026482, pp. 4–5, Exhibit attached).

17. Count 2: Whistleblower Retaliation EOP/OA violated 5 U.S.C. § 2302(b)(8) by retaliating with WIGI denials (e.g., July 2016 post-June 2016 OSC report), suspensions, and removal for my $10M+ disclosures. These materially adverse actions, as in Burlington Northern v. White,

4

548 U.S. 53 (2006), coupled with subtle reprisals such as the denial of reasonable accommodations, as recognized in Huffman v. OPM, 263 F.3d 1341 (Fed. Cir. 2001), created a hostile work environment and chilled my protected activity (Exhibit J, p. 1; Exhibit M, p. 2; Exhibit Q, p. 1; Exhibit H, p. 1; 1Doc. No. 2023024472, pp. 2–4).

18. Count 3: MSPB Review The MSPB Final Order was arbitrary, capricious, and unlawful under 5 U.S.C. § 7703(c), dismissing valid claims, misapplying 5 C.F.R. § 1201.22 despite my timely filing and health delays, and ignoring evidence due to procedural violations that prejudiced my case, breaching due process balancing under Mathews v. Eldridge, 424 U.S. 319 (1976) (Exhibit C, pp. 6–8; Exhibit D, p. 1; Exhibit E, p. 1; Exhibit F, p. 1; Exhibit G, p. 1; Exhibit I, p. 1; Exhibit L, p. 1; Exhibit R, p. 1; Mazer v. Safeway, Inc., 2006 MSPB LEXIS 1195).

## LEGAL VIOLATIONS AND PRECEDENT

19. Defendants breached: a. 5 U.S.C. § 2302(b)(8) – Retaliation (Burlington Northern v. White, 548 U.S. 53 (2006); Huffman v. OPM, 263 F.3d 1341 (Fed. Cir. 2001)); b. 42 U.S.C. § 2000e-2 – Sex Discrimination (Davis v. Passman, 442 U.S. 228 (1979)); c. 29 U.S.C. § 794 – Disability Discrimination (Lane v. Pena, 518 U.S. 187 (1996)); d. Fifth Amendment – Due Process and Age Discrimination (Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985); Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009)); e. 5 C.F.R. §§ 1201.26, 1201.41, 1201.115 – Service, Ex Parte, and Review Standards (Mazer v. Safeway, Inc., 2006 MSPB LEXIS 1195).

## RELIEF REQUESTED

20. I respectfully request: a. Reverse the MSPB Final Order of February 20, 2025 (Exhibit D), which has perpetuated my harm while residing in Gainesville, Florida; b. Order EOP/OA to reinstate me to a GS-14 position with back pay and WIGIs for 2016–2019 (approximately $200,000, calculated from GS-11 Step 5 to GS-14 Step 1, OPM 2016–2019 rates, plus interest); c. Award $500,000 in compensatory damages for severe health deterioration (e.g., PTSD-induced panic, Graves' Disease-related eye and knee damage, Exhibit O, p. 1; Exhibit P, p. 1; Exhibit S, p. 1), emotional distress from relentless retaliation, and financial ruin from lost income and legal costs; d. Grant de novo relief by this Court—no remand to MSPB—as its repeated violations (defective service, Exhibit C, p. 1; Exhibit E, p. 1; Exhibit F, p. 1; Exhibit G, p. 1; ex parte

contacts, Exhibit L, p. 1; Exhibit R, p. 1; bias, Exhibit I, p. 2) caused irreparable harm and render remand not only futile but also risk further compounding the injustice through continued bias or procedural failures (Kloeckner v. Solis, 568 U.S. 41 (2012)); e. Direct OPM to update my records to reflect reinstatement and WIGI eligibility, correcting their failure to enforce prior MSPB rulings (9Doc. No. 2023020685, p. 4, Exhibit OPM attached); f. Permit supplemental filing of additional exhibits (e.g., Docs. No. 2023020685, 2023029542), with hyperlinks available if requested for clarity; g. Award costs and further equitable relief as just. Therefore, I implore this honorable Court to grant the relief requested and restore the justice I have been denied.

Dated: March ___13___, 2025

_____
Peggy A. Maloney, Pro Se
6519 W Newberry Road #602
formerly of 8504 Skyview Drive #104, Alexandria, VA 22309
781-835-7651
pegkayaker@gmail.com (mailto:pegkayaker@gmail.com)

## ATTACHMENTS:

• Exhibit A: MSPB Joinder Order (10/30/2019, 7Doc. No. 2023023611) – Order joining my IRA appeal (DC-1221-19-0677-W-1) with my removal appeal (DC-0752-20-0092-I-1) under 5 C.F.R. § 1201.36, issued by AJ Sherry A. Zamora, with a Certificate of Service claiming email delivery but lacking attachments I never received.

• Exhibit B: MSPB Rescission (7/23/2020) – Order severing my joined IRA (DC-1221-19-0677-W-1) and removal (DC-0752-20-0092-I-1) appeals, issued by AJ Sherry A. Zamora, with a Certificate of Service claiming email attachments that were not delivered to me.

• Exhibit C: MSPB Initial Decision (8/4/2023) – Dismissal of my WIGI appeal (DC-531D-23-0410-I-1) for lack of jurisdiction and untimeliness, ignoring my timely filing and health delays, with no attached Certificate of Service despite claims.

• Exhibit CC: Unattached Certification of Service Aug 4, 2023, certified it was attached and it

6

was not
• Exhibit D: MSPB Final Order (2/20/2025) – Affirmation of the Initial Decision dismissing my WIGI appeal, rejecting my whistleblower evidence as irrelevant, with a Certificate of Service listing departed counsel Abdulaleem and unregistered e-filer Petty.
• Exhibit E: Certificate of Service (8/4/2023, missing attachment) – Document claiming service of the Initial Decision via email, but no attachments were included, despite my repeated complaints being ignored.
• Exhibit F: Certificate of Service, Feb 20, 2025, Not Attached To The Final Order – Document claiming service of the Final Order, but not attached, further evidencing MSPB's service failures.
• Exhibit G: Initial Decision (7/23/2020), Includes WIGI DC-1221-19-0677-W-1 – Earlier WIGI dismissal with unsigned notice and no Certificate of Service despite claims, showing a pattern of MSPB errors.
• Exhibit GG 20 COS Says Its Attached And It Is Not
• Exhibit H: Doc No 2023023611 Tab 25 - Response To Agency Response To June Order To Show Cause – My rebuttal to EOP/OA's claims in my removal appeal, supporting my retaliation allegations.
• Exhibit I: Petition for Review (Tab 1, DC-531D-23-0410-I-1) – My MSPB filing cataloging procedural errors and bias by AJ Herner, who refused recusal three times, submitted with evidence of WIGI denials and health impact.
• Exhibit J: Response to Agency 2nd Supplemental Order (7/9/2023, Tab 29) – My opposition to EOP/OA's last-minute filing, admitting no 2018–2019 ratings due to leave, contradicting their WIGI denial claims, submitted during my medical crisis.
• Exhibit K: Final Order with Certificate of Service (2/20/2025, Tab 16) – MSPB's final dismissal with a flawed Certificate listing Abdulaleem (departed 1/17/2025) and Petty (unregistered), casting doubt on service.
• Exhibit L: Ex Parte Violation, Notice of Appearance (3/21/2024, Tab 21) – EOP/OA's filing adding Robin M. Fields as counsel, with a Certificate claiming e-service to MSPB but not me, evidencing ex parte communication.
• Exhibit M: Whistleblower Email, NO FEAR Act Threat (3/24/2017) – My email reporting mismanagement, met with a retaliatory NO FEAR Act training denial by EOP/OA, escalating my hostile work environment.

7

• Exhibit O: Medical Documentation (pre-2025) – Records showing PTSD and Graves' Disease diagnoses and worsening pre-2025, linked to EOP/OA's retaliation and denied accommodations.
• Exhibit P: Medical Documentation (2025) – 2025 records detailing continued health decline (e.g., eye damage, knee pain) from ongoing stress of this case.
• Exhibit Q: 2017 Accommodation Denial Letter – EOP/OA's written rejection of my 2017 request for flexible deadlines, exacerbating my PTSD and Graves' Disease, a subtle reprisal.
• Exhibit R: April 10–11, 2024, Hearing Transcript Excerpt (ex parte note) – Record of my objection to MSPB's ex parte communication with EOP/OA counsel, dismissed without investigation.
• Exhibit S: Additional Medical Record (e.g., 2017 PTSD diagnosis) – 2017 documentation of PTSD onset, tied to EOP/OA's retaliation, supporting my disability discrimination claim.
• Exhibit T TAB A82 FY 2019 09-26 EOP, OA, EEOC-OMB Internal Domestic Threats covered up regarding POTUS TRUMP's life Pages 1-23

# INDEX OF ATTACHMENTS:

| File | Date | Type | Size |
|---|---|---|---|
| Exhibit A - MSPB Joinder Order 7Doc. No. 2023023611.pdf | 5/27/2023 ... | Adobe Acr... | 21 KB |
| Exhibit B - MSPB RescissionExhibit B MSPB 7-23-20 tab 38 DC-0752... | 5/28/2023 ... | Adobe Acr... | 19 KB |
| Exhibit C - MSPB Initial Decision, August 4, 2023 A37-INITIAL DECIS... | 8/5/2023 1... | Adobe Acr... | 94 KB |
| Exhibit CC Certification of Service Aug 4, 2023.pdf | 8/4/2023 5... | Adobe Acr... | 16 KB |
| Exhibit D - MSPB Final Order, February 20, 2025 .pdf | 2/28/2025 ... | Adobe Acr... | 116 KB |
| Exhibit E - Certificate of Service, August 4, 2023  - Copy.pdf | 8/4/2023 5... | Adobe Acr... | 16 KB |
| Exhibit F Certificate of Service, FEB 20 2025 NOT ATTACHED TO THE... | 8/4/2023 5... | Adobe Acr... | 16 KB |
| Exhibit G INTIAL DECISION 7-23-2020 INCLUDES WIGI DC-1221-19-... | 6/8/2023 1... | Adobe Acr... | 80 KB |
| Exhibit GG 20 COS SAYS ITS ATTCHED AND IT IS NOT.pdf | 6/8/2023 1... | Adobe Acr... | 16 KB |
| Exhibit H Doc No 2023023611 Tab 25 - RESPONSE TO AGENCY RES... | 6/28/2024 ... | Adobe Acr... | 454 KB |
| Exhibit I Instant Case PFR Tab 1 - Petition for Review.pdf | 6/28/2024 ... | Adobe Acr... | 7,229 KB |
| Exhibit J Tab 29 - Appellant Respons to Agency 2nd Supp Order_Mo... | 10/26/202... | Adobe Acr... | 417 KB |
| Exhibit K PFR Tab 16 - 2-20-2025 Final Order.pdf | 2/23/2025 ... | Adobe Acr... | 114 KB |
| Exhibit L Ex Parte Violation Tab 21 - Entry of Appearance (14).pdf | 10/24/202... | Adobe Acr... | 132 KB |
| Exhibit M TAB A31 FY 2017 03-24 WB Email AGENCY OGC NO FEAR... | 2/10/2024 ... | Adobe Acr... | 347 KB |
| Exhibit N TAB 2 OA DIRECTIVE 200 Pages 1-7 .pdf | 12/15/202... | Adobe Acr... | 381 KB |
| EXHIBIT O MEDICAL RECORDS  2016-2019 29 Pages.pdf | 4/24/2023 ... | Adobe Acr... | 2,752 KB |
| Exhibit P 2025 MEDICAL .PDF | 1/1/2013 1... | Adobe Acr... | 996 KB |
| Exhibit Q  IRS FORM 3949-A 14 pages .PDF | 10/22/202... | Adobe Acr... | 1,092 KB |
| Exhibit R Erin Zickafoose OSCEC IG .pdf | 11/18/202... | Adobe Acr... | 145 KB |
| Exhibit S  TAB A2 FY 2014 01-20 EOP, OA, HEAVY METAL AWARD Pa... | 2/9/2024 8... | Adobe Acr... | 129 KB |
| Exhibit T TAB A82 FY 2019 09-26 EOP, OA, EEOC-OMB Internal Dom... | 2/11/2024 ... | Adobe Acr... | 3,145 KB |

## INDEX OF AVAILABLE LINK ATTACHMENTS

(Not included)

To provide the Court with an initial overview of supporting digital evidence, Plaintiff has attached a screenshot of relevant links as 1Doc-12Doc. These links grant access to documents and describe the nature of the evidence supporting this Complaint. A comprehensive index of these link attachments, detailing each file's contents, will be provided upon the Court's request to ensure clarity and facilitate review.

| File | Date | Type | Size |
|---|---|---|---|
| 1Doc. No. 2023024472 Tab 26 - Prophylactic Motion June 25, 2023 (1).pdf | 10/26/202... | Adobe Acr... | 316 KB |
| 2Doc. No. 2023029311 Tab 34 - PROPHYLACTIC MOTION 7-26-2023 (1).pdf | 10/26/202... | Adobe Acr... | 694 KB |
| 3Doc. No. 2023026482 Exhibit XX Doc No 2023026482 A29-APLNT RSPNS 2 AGNCY 2ND SUP ORD MTN 7... | 8/4/2023 5... | Adobe Acr... | 466 KB |
| 4Doc. No. 2023018212 tab 14 - APPELLANT RESPONSE TO AGENCY 5-10-23 (1).pdf | 10/26/202... | Adobe Acr... | 251 KB |
| 5Doc. No. 2023015504 pp. 13-24 Tab 6 - APPELLANT'S ACKNOWLEDGEMENT ORDER .pdf | 10/26/202... | Adobe Acr... | 6,559 KB |
| 6Doc. No. 2023026664 Tab 30 - ADDENDUM RESPONSE TOAGENCY'S RESPONSE TO 2nd SUPPLEMENTAL ... | 10/26/202... | Adobe Acr... | 343 KB |
| 7Doc. No. 2023023611 Exhibit A - MSPB Joinder Order (Doc. No. 2023023611 - Copy.pdf | 5/27/2023 ... | Adobe Acr... | 21 KB |
| 8Doc. No. 2023021679 HOLD THIS ONE Exhibit D Doc  MOTION TO RESCIND JUNE MOTION 2023.pdf | 6/28/2024 ... | Adobe Acr... | 93 KB |
| 9Doc. No. 2023020685 A19 APPELLANT PROPHYLACTIC.pdf | 5/30/2023 ... | Adobe Acr... | 516 KB |
| 9Doc. No. 2023020685 Tab 19 - APPELLANT' s PROPHYLACTIC MOTION (1).pdf | 10/26/202... | Adobe Acr... | 412 KB |
| 10Doc. No. 2023028812 Tab 33 - PROPHYLACTIC MOTION 7-24-2023 (1).pdf | 10/26/202... | Adobe Acr... | 492 KB |
| 11Doc No 2023029542 Tab 36 - PROPHYLACTIC 7-28-2023 (4).pdf | 10/26/202... | Adobe Acr... | 169 KB |
| 12Doc No 2023018932 Tab 17 - APPELLANTs PROPHILACTIC MOTION.pdf | 10/26/202... | Adobe Acr... | 267 KB |

Dated: __12__, 2025
Respectfully submitted,

_/s/_
Peggy Maloney, Pro Se  /S/
pegkayaker@gmail.com
781-835-7651
**JUSUS IS KING**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing:

- Civil Complaint for Judicial Review of Merit Systems Protection Board Final Order

- Omnibus Motion for Pro Se Accommodations

- Exhibits A-T

- Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs)

- Form JS 44 (Civil Cover Sheet)

- Ghostwriting Certification (Local Rule 83.1(N))

was served this 12 day of March, 2025, as follows:

Mailed via U.S. Postal Service:

- U.S. Attorney, Eastern District of Virginia
  2100 Jamieson Avenue
  Alexandria, VA 22314

- U.S. Attorney General Pam Bondi
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530

- U.S. Office of Personnel Management
  Office of the General Counsel
  1900 E Street, NW
  Washington, DC 20415

- Florida Attorney General James Uthmeier
  Office of the Attorney General
  PL-01, The Capitol
  Tallahassee, FL 32399-1050

- Virginia Attorney General Jason Miyares
  202 North 9th Street
  Richmond, VA 23219

- Merit Systems Protection Board
  Office of the Clerk
  1615 M Street, NW
  Washington, DC 20419

1

- Executive Office of the President
  Office of Administration
  250 Murray Lane, SW, Bldg. 410
  Washington, DC 20509

Emailed:

- U.S. Office of Personnel Management
  ogcatty@opm.gov (mailto:ogcatty@opm.gov)
  Per verbal consent from Kim (March 5, 2025, 1:46 PM EST)

- Merit Systems Protection Board
  clerk@mspb.gov (mailto:clerk@mspb.gov)
  Per email consent received March 6, 2025

- Executive Office of the President, Office of Administration
  Tanesha.L.Petty@oa.eop.gov (mailto:Tanesha.L.Petty@oa.eop.gov)
  Per email consent received March 7, 2025, 9:48 AM EST

Note: The Summons is not included as it has not yet been issued by the Court. Plaintiff has requested U.S. Marshal Service to effect service of the Summons and Complaint on Defendants pursuant to FRCP Rule 4(c)(3) in the Omnibus Motion for Pro Se Accommodations. Plaintiff awaits email service consent confirmation from FL AG (citizenservices@myfloridalegal.com), VA AG (mail@oag.state.va.us or CivilRights@oag.state.va.us), and U.S. AG (AskDOJ@usdoj.gov), pending responses requested by March 10, 2025.

Dated: March 12, 2025

Respectfully submitted,

Peggy A. Maloney, Pro Se
6519 W Newberry Road #602
Gainesville, FL 32605
781-835-7651
pegkayaker@gmail.com (mailto:pegkayaker@gmail.com)
JESUS IS KING

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Peggy A. Maloney, Pro Se
Plaintiff,

v.

Executive Office of the President, Office of Administration,
Merit Systems Protection Board,
United States Office of Personnel Management,
Defendants,

Civil Action Number: [To Be Assigned __1:25 CV 467__ --]

LOCAL RULE 83.1(N) CERTIFICATION

I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of my filings in this case, including the Civil Complaint, Omnibus Motion for Pro Se Accommodations, Form AO 239, Form JS 44, Certificate of Service, and this Local Rule 83.1(N) Certification. Certain Exhibits A-T submitted with these filings include documents previously prepared by opposing counsel for the Executive Office of the President, Office of Administration, and attorneys for the Merit Systems Protection Board, as part of prior proceedings, but these were not prepared or edited with my involvement.

Peggy A. Maloney
Name of Pro Se Party

Signature of Pro Se Party _[signature]_ Executed on: March _12_, 2025